UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| KENNETH J. MEYER, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | No.  1:08-cv-97 |
| ) | *Chief Judge Curtis L. Collier* |
| BLEDSOE COUNTY; SHERIFF JIMMY ) | |
| MORRIS; JAIL ADMINISTRATOR ) | |
| JACQUELYN, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM

The court is in receipt of a *pro se* civil rights complaint filed by Kenneth J. Meyer ("Meyer") pursuant to 42 U.S.C. § 1983 (Court File No. 3). In addition, Meyer has filed a motion to proceed *in forma pauperis* (Court File No. 1) and a motion to appoint counsel (Court File No. 4). Because the complaint will be dismissed, Meyer's motion to appoint counsel will be **DENIED as MOOT** (Court File No. 4).

The Court is unable to determine whether Meyer is presently incarcerated in the Bledsoe County Jail, in Pikeville, Tennessee, or the White County Jail in Sparta, Tennessee (as reflected on the return address and mentioned in his last filing) (Court File No. 6). Although it is clearly Meyer's responsibility to notify the Court of a change of address, the Court **DIRECTS** the Clerk to determine his correct address and to mail a copy of this memorandum to him at the address where he is housed.

Process will not issue and for the reasons discussed below, Meyer's complaint will be **DISMISSED** (Court File No. 3).

**I.    Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Meyer that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Meyer is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Meyer is a prisoner in custody at the Bledsoe County Jail, in Pikeville, Tennessee, or at the White County Jail in Sparta, Tennessee, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Meyer shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Meyer's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Meyer's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Meyer's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Meyer's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Records at the facility where Meyer is housed, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure

the custodian of Meyer's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff **SHALL** collect the filing fee as funds become available. This order shall become a part of inmate Meyer's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

## II. Standard of Review

### A. *Pro Se* Review

All well-pleaded factual allegations contained in the complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007). Mere "labels and conclusion" will not do. Id. 127 S.Ct. at 1965. Moreover, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ*., 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for

3

dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The duty to hold *pro se* complaints to less stringent standards does not require the Court to conjure up unpled allegations. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

### B. *Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)*

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

## III. Facts

Plaintiff has submitted the following laundry list of complaints about the conditions of his confinement:

1. Failure to provide medical help to injurd [sic] inmate.

2. Inmate Grievance forms are not answerd [sic].

3. No law library, or any library for inmates

4. No Nurse

5. No medical request forms

6. 16 hrs between brekfast [sic] and supper only 2 meals a day

7. They do not provide weekly indegeat [sic] packes [sic]

4

8. No commicery [sic]

9. Adminastraitor [sic] is opening legal mail

10. Failure to return leagal [sic] doucumente [sic] that they should have had notorized for inmates civil case

11. inadaquat [sic] medical treatment

**IV. Analysis—42 U.S.C. § 1983 Claim**

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) *cert. denied*, 502 U.S. 1032 (1992).

Despite the recitation of a list of inadequacies at Bledsoe County Jail, there is nothing in the complaint that tells the Court the factual basis of these conclusions. Thus, Meyer has failed to allege a viable claim under § 1983. Meyer specifies neither a single particular constitutional right infringed upon, nor provides any facts upon which he bases his conclusions. Instead, he has vaguely presented his claims in a laundry list of conclusions without providing sufficient facts upon which to base a single valid claim under § 1983. To prevail in this civil rights action under 42 U.S.C. § 1983, Meyer must plead and prove the defendants, acting under color of state law, deprived him of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams,* 474 U.S. 327 (1986). Meyer has not claimed that he was specifically deprived of any constitutional right. None of Meyer's conclusions is supported

5

by specific factual allegations indicating how any of theses alleged acts, prohibitions, deprivations, or conditions violated the plaintiff's rights or caused him personal injury. Moreover, Meyer does not identify who caused each of the alleged deprivations or conditions, whether he suffered from the alleged deprivations or conditions, the extent of any injury, or when the alleged deprivations or conditions occurred.

The Court is aware Meyer is proceeding *pro se* and is unfamiliar with the intricacies of the legal system. Nevertheless, he must comply with Rule 8 of the Federal Rules of Civil Procedure and submit a complaint which contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Generally, a mere list of alleged claims is insufficient to put a defendant on notice as to how to respond to the charges. A plaintiff must set forth the factual bases for the claims in his complaint. *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). To satisfy federal notice pleading requirements a complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

For the sake of discussion, the Court has grouped Meyer's list of conclusions into three general claims and will explain how he has failed to meet the minimum pleading requirements for each constitutional claim. As explained below, Meyer's factually baseless conclusions are insufficient to state a claim for which relief may be granted.

    A.     *General Medical Claims*

Meyer has alleged medical care was not provided to an injured prisoner; Bledsoe County Jail does not have a nurse; there are no medical request forms; and the medical treatment is inadequate.

In addition to these claims being factually unsupported, they do not allege a constitutional violation. To allege a proper Eighth Amendment claim on the basis of deliberate indifference to a serious medical need claim, a prisoner must allege both a serious medical need and demonstrate the official had a sufficiently culpable mind, *i.e.*, the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Meyer has failed to allege or describe a serious medical need, give any details describing the alleged "[inadequate] medical treatment," or demonstrate jail personnel were deliberately indifferent. Thus, Meyer has alleged neither a serious medical need nor a sufficiently culpable mind on the part of the jail personnel.

Accordingly, Meyer simply has not alleged an Eighth Amendment violation of deliberate indifference to a serious medical need claim, thus, these claims will be **DISMISSED**.

B. *Lack of Law Library*

Meyer claims there is no library and no law library for the inmates. Initially the Court observes that the right of access to the courts does not entail a constitutional right to a law library or professional legal assistance. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). Instead, "meaningful access to the courts is the touchstone," *Bounds v. Smith*, 430 U.S. 817, 823 (1977), and the Supreme Court has specifically condoned programs that "replace libraries with some minimal access to legal advice and a system of court-provided forms." *Lewis,* 518 U.S. at 352.

To assert a violation of the constitutional right to adequate, effective, and meaningful access to the courts, a prisoner must allege facts indicating a denial of legal resources and that the denial

7

of such resources hindered a prisoner's efforts to pursue a non-frivolous claim. *Lewis*, 518 U.S. at 350.

Meyers has not raised a constitutional claim because he neither claims nor makes a showing that he has been hindered in his effort to pursue a non-frivolous legal claim. *See Hadix v. Johnson*, 182 F. 3d 400, 404 (6th Cir. 1999) ("An inmate must demonstrate an 'actual injury,' which, the Court said, cannot be shown 'simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense.'") (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Meyer has not demonstrated any prejudice to this litigation, s*ee Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996), or any other non-frivolous claim, thus, he has failed to demonstrate a constitutional violation. Accordingly, Meyer's claim regarding a denial of a law library will be **DISMISSED**.

  *C.*  *General Condition Claims*

Meyer also submits general claims that grievance forms are not answered; only two meals are provided a day and they are served sixteen hours apart; weekly indigent packages are not provided; there is no commissary; the administrator opens legal mail; and staff fails to return legal documents. These general prison condition claims are factually unsupported and fail to state a claim upon which relief may be granted.

A prisoner raising an Eighth Amendment claim challenging prison conditions must satisfy two requirements. The first one is an objective requirement—"the deprivation alleged must be, objectively, 'sufficiently serious'" which means that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To meet the objective component, prison conditions are sufficiently serious and violate Eighth Amendment rights only in those cases where a prisoner is deprived of the "minimal civilized

8

measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Thus, prison officials are under a duty to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[1]

The second requirement is a subjective one—"a prison official must have a 'sufficiently culpable state of mind,'" one that is defined as "deliberate indifference." *Id.* at 834. A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Meyer's general complaints do not rise to the objective level of seriousness necessary to establish a § 1983 claim. Additionally, there is no allegation or showing of deliberate indifference on the part of the Defendants. Consequently, in addition to being factually baseless, Meyer's claims challenging the jail conditions fail to state a constitutional violation. Accordingly, Meyer's challenges to the jail conditions will be **DISMISSED**.

In summary, even liberally construed, the complaint does not contain allegations reasonably suggesting Meyer might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716 (6th Cir. 1996). The instant complaint has not set forth the factual basis for Meyer's claims of denial of medical care, denial of access to a law library, or unconstitutional prison conditions in

---

[1] It appears that Meyer was a pre-trial detainee when he filed this complaint. Conditions of confinement claims brought by pre-trial detainees at county jails are evaluated under the Due Process Clause of the Fourteenth Amendment, *Bell v. Wolfish*, 441 U.S. 520, 545-35 (1979), while those brought by convicted prisoners are evaluated under the Eighth Amendment. Nevertheless, the rights of a pre-trial detainee are at least as great as those afforded to convicted felons, and Eighth Amendment jurisprudence is often utilized to evaluate claims regarding conditions of confinement whether brought by pre-trial detainees or prisoners.

9

a manner that gives the defendants proper notice and does not require either Defendants or this Court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Meyer's complaint is wholly inadequate because all of his vague assertions are glaringly insufficient to show that he is entitled to relief. Meyer's general factually unsupported statements fail to state constitutional violations and are insufficient under § 1983.

Accordingly, Meyer's § 1983 complaint against the Defendants will be **DISMISSED** in its entirety pursuant to 28 U.S.C. §§ 1915A & 1915(e) for failure to state a claim upon which relief may be granted.

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**